UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD J. LABROSSE | CIVIL ACTION |
| VERSUS | NO. 12-74 |
| SWIFT TRANSPORTATION CORPORATION<br>a/k/a SWIFT TRANSPORTATION CO., INC.<br>a/k/a SWIFT TRANSPORTATION CO., LLC<br>a/k/a SWIFT TRANSPORTATION CO. OF<br>ARIZONA, LLC | SECTION "H" (2) |

## REPORT AND RECOMMENDATION

This is an employment discrimination case filed pursuant to Title VII. Plaintiff Todd J. Labrosse is proceeding pro se, but <u>not</u> in forma pauperis. Thus, when his complaint was filed, the Clerk issued summons directly to plaintiff, Record Doc. No. 2, and it was plaintiff's responsibility to effectuate service or obtain a waiver. Fed. R. Civ. P. 4.

More than 120 days have elapsed since the filing of the complaint in this action. The record reflects that service has <u>not</u> been effected upon defendant, Swift Transportation Corporation a/k/a Swift Transportation Co., Inc. a/k/a Swift Transportation Co., LLC a/k/a Swift Transportation Co. of Arizona, LLC. Plaintiff failed to appear before the undersigned magistrate judge on April 11, 2012, as ordered, to show cause why service had not been completed. Record Doc. Nos. 3 and 4. Thus, on May 11, 2012, I ordered plaintiff to show cause why his case should not be dismissed for failure

to prosecute and/or failure timely to serve defendant, providing him with another opportunity to effectuate service or to obtain an extension of time to do so. Record Doc. No. 5. Plaintiff again failed to appear or otherwise respond as ordered.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> TIME LIMIT FOR SERVICE. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In light of the passage of more than 120 days since the complaint was filed and plaintiff's failure to appear as ordered on April 11, 2012, and again on May 11, 2012, the above captioned complaint must be dismissed in accordance with Fed. R. Civ. P. 4(m). See Lambert v. United States, 44 F.3d 296 (5th Cir. 1995), Redding v. Essex Crane Rental Corp. of Alabama, 752 F.2d 1077 (5th Cir. 1985).

In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to

which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with or respond to the court's March 8, April 11 and May 11, 2012 orders clearly reflects a failure on the part of plaintiff to prosecute. This record of several failures to comply with or respond to the court's orders and rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal. See Torns v. State of Miss. Dept. of Corrections, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir.

2008); Raborn v. Inpatient Management Partners, Inc., 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6 (5th Cir. 1991) (upholding trial court's dismissal for failure to prosecute of the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In an effort to afford plaintiff one final opportunity to respond, I have issued this report and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Report and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with information that may constitute "good cause" to extend the Rule 4(m) deadline, as requested in the court's previous orders.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Report and Recommendation may and probably will result in dismissal of plaintiff's case. A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiff does not timely file written objections to this Report and Recommendation, the complaint of Todd J. Labrosse be dismissed without prejudice for failure to prosecute and/or pursuant to Fed. R. Civ. P. 4(m).

New Orleans, Louisiana, this ___1st___ day of June, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.